**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**HUGO LEONEL PACHECO GARCIA**,

*Petitioner*,

v.

**KRISTI NOEM**, *et al.*,

*Respondents*.

---

No. 26-cv-02571

**ORDER**

**THIS MATTER** comes before the Court by way of a Petition for Writ of Habeas Corpus[1], (ECF No. 1), and the Court's prior March 13, 2026, Order, (ECF No. 9); and

**WHEREAS**, Petitioner is a native and citizen of Guatemala who alleges he entered the United States in approximately 2001 and has resided continuously in New York for approximately twenty-five years.[2] (Pet., ECF No. 1 at ¶ 2; Answer, ECF No. 11-1 at ¶ 2). He alleges he is authorized to work, has complied with all the requirements of his immigration proceedings, and has three minor children who are U.S. citizens. (Pet., ECF No. 1 at ¶¶ 2, 5). He has no criminal record.[3] (*Id.* at ¶ 7; Gov't Ex. D, ECF No. 11-4 at 4); and

---

[1] Because Petitioner was initially detained in New York, his counsel filed the Petition in the U.S. District Court for the Eastern District of New York. (ECF No. 1). However, because Respondents transferred Petitioner to New Jersey before his Petition was filed, the Eastern District determined that it lacked habeas jurisdiction and the parties stipulated that the case be transferred to this Court. (ECF No. 6).

[2] Respondents summarily dispute the factual allegations in the Petition but do not meaningfully allege otherwise.

[3] Respondents "admit that Petitioner is charged with violating 8 U.S.C. § 1182, but no other criminal history." (Answer, ECF No. 11-1 at ¶ 7). However, "[a]s a general rule, it is not a crime for a removable alien to remain present in the United States." *Arizona v. United States*, 567 U.S. 387, 407 (2012). In any event, Respondents do not—and cannot—assert that a violation of § 1182 can be a basis for mandatory detention under 8 U.S.C. § 1226(c) as that would render that provision entirely superfluous.

**WHEREAS**, on or about February 27, 2026, Respondents arrested and detained Petitioner in Hempstead, New York; (Gov't Ex. D, ECF No. 11-4 at 3). Petitioner alleges that he is being unlawfully detained without being provided with a bond hearing. (Pet., ECF No. 1); and

**WHEREAS**, on March 13, 2026, this Court ordered Respondents to file an expedited answer by March 16 at 1:00 p.m., identifying, among other things, the specific statutory or other legal authority for Petitioner's detention; the procedural due process afforded prior to detention; whether a final order of removal exists; any alleged changed circumstances justifying detention; whether Petitioner has received a bond hearing; and the current status of all related immigration proceedings; and

**WHEREAS**, Respondents filed an answer and letter response on March 16, 2026, acknowledging that Petitioner is being mandatorily detained pursuant to their interpretation of 8 U.S.C. § 1225(b) and the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025), and that the statutory arguments in this case are materially identical to those that the Court has already rejected in *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025) and other cases. (ECF No. 11 at 1, 4); and

**WHEREAS**, after he filed his Petition, Respondents transferred Petitioner to the Metropolitan Detention Center in Brooklyn, New York, on March 9, 2026.[4] (*Id.* at 3); and

**WHEREAS**, that does not deprive this Court of jurisdiction because, as Respondents previously stipulated, "jurisdiction lies in the district of confinement at the time the habeas petition was filed" and Petitioner was detained in New Jersey at the time the Petition was filed. (ECF No.

---

[4] Though they now admit that Petitioner was transferred to Brooklyn on March 9, 2026, Respondents appear to have represented to the Eastern District of New York that Petitioner was confined at Delaney Hall Detention Facility in Newark, New Jersey as of March 11. *See* Stipulation and Order to Transfer, ECF No. 6 ("[O]n March 2, 2026, Petitioner was transferred out of Nassau County Corrections Center and, at approximately 11:00 p.m. that day, was booked into Delaney Hall Detention Facility in Newark, New Jersey, *where he remains in custody*." (emphasis added).

6); *see also Khalil v. President, United States,* 164 F.4th 259, 269 (3d Cir. 2026); and

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in *Bethancourt Soto*, Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond;[5] and

**WHEREAS**, the Court notes that federal courts have in near unanimity[6] similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address

---

[5] The Court notes that 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to his *continued* detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action. *See Khalil*, 164 F.4th at 274; *Kourouma v. Jamison*, No. 26-0182, 2026 WL 120208, at *3 (E.D. Pa. Jan. 15, 2026) ("[W]hether a bond hearing is required prior to detention . . . is collateral to the removal process." (cleaned up)); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025) (same); *see also Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018) (explaining that § 1252(b)(9) did not bar consideration of bond related issues under 8 U.S.C. §§ 1225 and 1226 because the noncitizens "[were] not asking for review of an order of removal, [were] not challenging the decision to detain them in the first place or to seek removal, and [were] not . . . challenging any part of the process by which their removability [was to] be determined" (cleaned up)). Here, the Petitioner's challenge to his continued detention "does not argue that his confinement is unlawful because the Government's removal action is itself invalid." *Kourouma*, 2026 WL 120208, at *3. Rather, the claim "challenges the Government's authority to detain him without a bond hearing," which is "not . . . decided through the [petition for review] process, nor is it capable of review once the immigration courts issue a final order on removal." *Id*. (cleaned up); *see also Khalil*, 2026 WL 111933, at *12 (explaining that challenges to "the length of confinement without a bond hearing . . . [do] not get channeled into the . . . [petition for review] process").

[6] The Court is aware of the Fifth Circuit's recent decision reaching a contrary conclusion. That decision, however, is not binding on this Court, and the Court is unpersuaded by its reasoning for many of the reasons articulated in Judge Douglas's dissent, including that the majority's interpretation risks rendering significant portions of the statutory scheme superfluous and internally inconsistent. *See Buenrostro-Mendez v. Bondi*, _____ F.4th _____, Nos. 25-20496 & 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

3

the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel,* 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

**WHEREAS**, the basis for Petitioner's continued "detention [was] blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediate[ly] release him and enjoin the Government from further similar transgressions," *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 371–73 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained."); and

**WHEREAS**, the Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, *post hoc* justifications presented during litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later;[7] and

**WHEREAS**, in any event, the Government does not allege that Petitioner is a flight risk, a danger to the community, or any other basis for denying bond and has "failed utterly to articulate a legitimate interest in the Petitioner being detained." *Elias v. Knight*, _____ F. Supp. 3d _____, No.

---

[7] *See, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning.").

4

25-00594, 2025 WL 3228262, at *9 (D. Idaho Nov. 19, 2025); and

**WHEREAS**, in ordering Petitioner's immediate release, this Court joins the growing number of courts in this District and around the country that have and continue to do so.[8]

**IT IS,** on this 16th day of March, 2026,

**ORDERED** that Petitioner's § 2241 Petition is **GRANTED**; Respondents shall **on this date IMMEDIATELY RELEASE** Petitioner under the same conditions, if any, that existed prior to his detention, including, but not limited to, release: (1) as close to the place of initial arrest as reasonably practicable within 24 hours (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); and (3) with all clothing and outerwear worn at the time of initial arrest, or other appropriate attire; and it is further

**ORDERED** that Respondents shall return to Petitioner all personal property belonging to Petitioner—including, but not limited to, any driver's license, passport, immigration documents, currency, or cellphone—that was seized at the time of initial arrest and that is currently in their custody, possession, or control, whether maintained directly by Respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to Petitioner's arrest; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date, time, and location of Petitioner's release and certifying that the conditions set forth above have been satisfied; and it is further

---

[8] *See, e.g.*, *Ramos v. Rokosky*, No. 25-15892, 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Huang v. Almodovar*, No. 25-9346, 2025 WL 3295912 (S.D.N.Y. Nov. 26, 2025); *Rodriguez-Acurio v. Almodovar*, ____ F. Supp. 3d ____, No. 25-6065, 2025 WL 3314420 (E.D.N.Y. Nov. 28, 2025); *Quispe v. Rose*, ____ F. Supp. 3d ____, No. 25-02276, 2025 WL 3537279 (M.D. Pa. Dec. 10, 2025); *Salinas v. Woosley*, No. 25-121, 2025 WL 3243837 (W.D. Ky. Nov. 20, 2025); *Elias*, 2025 WL 3228262; *Faizyan v. Casey*, No. 25-2884, 2025 WL 3208844 (S.D. Cal. Nov. 17, 2025); *Simanca Gonzalez v. Aldridge*, No. 26-0055, 2026 WL 313476 (S.D.W. Va. Feb. 5, 2026).

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that Respondents shall not arrest, detain, or otherwise take Petitioner into custody under 8 U.S.C. § 1226(a) for a period of fourteen (14) days following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted; and

**ORDERED** that any future detention of Petitioner must comply with all statutory and constitutional requirements, including the identification of a lawful statutory basis for detention and the provision of adequate procedural and substantive due process; and it is further

**ORDERED** that, to the extent that Respondents seek to re-arrest or otherwise re-detain Petitioner under any statutory authority, including but not limited to §§ 1225 or 1226, this Court shall retain jurisdiction over the matter and Petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition; and it is further

**ORDERED** that the hearing previously scheduled for March 16, 2026, at 4:00 p.m. is **CANCELED**; and it is further

**ORDERED** Petitioner shall advise the Court if they intend to file any application for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, within fourteen (14) days of the entry of this Order. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, ____ F.4th ____, No. 24-2990, 2026 WL 263483, at *1 (3d Cir. Feb. 2, 2026); and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.



**CHRISTINE P. O'HEARN**
**United States District Judge**

6